# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIXTO CRUIZ MURILLO, | Case No. 1:14-cv-02035-SAB-HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| RONALD COULLARD, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On November 22, 2014, Petitioner filed the instant federal petition in the Sacramento Division of the Eastern District of California. (ECF No. 1). On December 22, 2014, the petition was transferred to this Court. (ECF No. 5). It appears that Petitioner is challenging a conviction sustained in Tulare County Superior Court in 2000 and the revocation of parole.

A review of the Court's dockets and files shows Petitioner has previously sought habeas relief in this Court with respect to this conviction in Murillo v. The Fifth Appellate Court, Case No. 1:12-CV-00656-SKO-HC. In that case, the petition was dismissed without leave to amend because Petitioner had not alleged specific facts that pointed to a real possibility of constitutional

1

error affecting the fact or duration of his confinement and there was no basis for a conclusion that he could state tenable claims if he were granted leave to amend.  The Court notes that the instant petition raises virtually the same claims as the prior petition.

## I.

### DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  In Case No. 1:12-CV-00656-SKO-HC, the Court dismissed the petition and found that there was "no basis for a conclusion that he could state tenable claims if he were granted leave to amend," which was a decision that Petitioner's

1    claims were uncognizable, and the dismissal was an adjudication on the merits of the claims.  A

2    dismissal because a claim is uncognizable is a dismissal on the merits for the purposes of the

3    second or successive petition rule.  See Graham v. Costello, 299 F.3d 129, 134 (2d Cir. 2002);

4    Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996) (holding that when a petition is dismissed

5    because it is plain that there is no claim, and not merely because it is implausible given the lack

6    of details or supporting documentation, then there was an adjudication on the merits for the

7    successive or second petition rule).  The dismissal of the first petition was not for a technical or

8    procedural deficiency that could have been cured, or because the Petitioner did not provide

9    adequate substantiation of his claim.  See Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct.

10   1068, 1079, 10 L.Ed.2d 148 (1963) (holding that dismissal of a previous petition "because it

11   stated only bald legal conclusions with no supporting factual allegations….was not on the

12   merits").

13       As Petitioner's previous petition was a dismissal on the merits for the purposes of

14   determining whether a subsequent petition is successive, he must obtain authorization from the

15   Ninth Circuit before filing a successive petition.  Petitioner makes no showing that he has

16   obtained prior leave from the Ninth Circuit to file his successive petition attacking the

17   conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed

18   application for relief from that conviction under Section 2254 and must dismiss the petition.  See

19   Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.

20                                              **II.**

21                          **CERTIFICATE OF APPEALABILITY**

22       A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district

23   court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El

24   v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to

25   issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

26          (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
            district judge, the final order shall be subject to review, on appeal, by the court
27          of appeals for the circuit in which the proceeding is held.

28          (b) There shall be no right of appeal from a final order in a proceeding to test the

validity of a warrant to remove to another district or place for commitment or trial
a person charged with a criminal offense against the United States, or to test the
validity of such person's detention pending removal proceedings.

(c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
appeal may not be taken to the court of appeals from–

        (A) the final order in a habeas corpus proceeding in which the
detention complained of arises out of process issued by a State
court; or

        (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the
applicant has made a substantial showing of the denial of a constitutional
right.

(3) The certificate of appealability under paragraph (1) shall indicate
which  specific issue or issues satisfy the showing required by paragraph
(2).

If a court denies a petitioner's petition, the court may only issue a certificate of
appealability "if jurists of reason could disagree with the district court's resolution of his
constitutional claims or that jurists could conclude the issues presented are adequate to deserve
encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473,
484 (2000).  While the petitioner is not required to prove the merits of his case, he must
demonstrate "something more than the absence of frivolity or the existence of mere good faith on
his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court does not find that reasonable jurists would find the Court's
determination that Petitioner's petition is a second or successive petition debatable, wrong, or
deserving of encouragement to proceed further.  Accordingly, the Court hereby declines to issue
a certificate of appealability.

///

///

///

///

///

///

4

**III.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED as successive;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __**January 23, 2015**__

_____
UNITED STATES MAGISTRATE JUDGE